ACME UPHOLSTERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41690, 44963. Promulgated September 8, 1930.

*William Zachs,* for the petitioner.
*R. S. Scott, Esq.,* for the respondent.

OPINION.

MATTHEWS: These proceedings, which were consolidated for hearing and decision, are from a finding of deficiencies in income tax by the respondent of $242.37 for 1926, and $812.85 for 1927. The errors alleged are that:

(a) The Commissioner erred in finding that the corporation had adopted the specific bad debt method in place of the reserve for bad debts method.

(b) The Commissioner erred in finding that the corporation had intended and elected to adopt the specific bad debt method instead of the reserve for bad debts method.

The petitioner is a Connecticut corporation, with its principal office at 117 Allyn Street, Hartford, Conn., which was incorporated on August 1, 1924, and made its first tax return for its fiscal year ending July 31, 1925. During this year it had no bad debts and therefore found no occasion to employ either method of setting up a reserve or charging them off. It obtained permission from the Commissioner to file its return on the calendar year basis and in order to do so, made a return for the remaining five months of 1925, covering the period August 1 to December 31, 1925. In this return it deducted as bad debts ascertained to be worthless and charged off in the taxable year the amount of $205, which was allowed. It was stated at the hearing by William Zachs, treasurer of the petitioner, who appeared on behalf of the petitioner but not as a witness, that he had been the petitioner's bookkeeper in 1925 and by an error had charged off in that year the specific debts above mentioned, but through the subsequent years in question had intended to employ the reserve method. No testimony or evidence was offered, however, to support this assertion, or the facts alleged in the petition. As all the material facts in support of petitioner's allegations of error on the part of the respondent were denied and no evidence was offered by petitioner, the determination of respondent is sustained.

*Judgment will be entered for the respondent.*